# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNADETTE K. BATTISTA,** *EXECUTRIX OF THE ESTATE OF KATHLEEN DUFFY, DECEASED* | : : : : | |
| v. | : : | **CIVIL ACTION NO. 22-966** |
| **BROOMALL OPERATING COMPANY LP ET AL.** | : : | |

| | | |
|---|---|---|
| **KATHLEEN M. ADORANTE,** *EXECUTRIX OF THE ESTATE OF MARIE E GIFFIN, DECEASED* | : : : : | |
| v. | : : | **CIVIL ACTION NO. 22-968** |
| **BROOMALL OPERATING COMPANY LP ET AL.** | : : | |

| | | |
|---|---|---|
| **DENISE A. ROGAN MALAMPY,** *EXECUTRIX OF THE ESTATE OF PATRICIA A. ROGAN, DECEASED* | : : : : | |
| v. | : : | **CIVIL ACTION NO. 22-969** |
| **BROOMALL OPERATING COMPANY LP ET AL.** | : : | |

| | | |
|---|---|---|
| **NADIA VOORHEES,** *ADMINISTRATIVX OF THE ESTATE OF MICHAEL L. VOORHEES, DECEASED* | : : : : | |
| v. | : : | **CIVIL ACTION NO. 22-970** |
| **BROOMALL OPERATING COMPANY LP ET AL.** | : : | |

| | |
|---|---|
| **MEGAN A. ALLEN** : | |
| *EXECUTRIX OF THE ESTATE* : | |
| *OF MARGARET A. GALLAGHER, DECEASED* : | |
| : | |
| v. : | **CIVIL ACTION NO. 22-1792** |
| : | |
| **BROOMALL OPERATING** : | |
| **COMPANY LP ET AL**. : | |

**McHUGH, J.**                                                                                                    **June 1, 2022**

## MEMORANDUM

These actions, consolidated by consent for pretrial purposes only, arise out of injuries and fatalities related to the COVID-19 pandemic. Defendants—a nursing home, its employees, and related entities—removed the cases to federal court following a strategy apparently being followed by nursing homes across the country, arguing that all the state law claims are preempted. They further argue that federal jurisdiction exists on two grounds: the Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. §247d-6d, and diversity of citizenship.

In a series of consolidated cases with nearly identical facts, *Hereford v. Broomall Operating Co. LP*, No. 213922, 2021 WL 5834384 (E.D. Pa. Dec. 9, 2021), I recently held that there was neither preemption nor federal question jurisdiction pursuant to the Third Circuit's decision in *Estate of Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 404 (3d Cir. 2021). I further concluded that individual professionals participating in the residents' care were properly joined, thereby defeating diversity of citizenship. *Id.* at *3. Later decisions have not called into question the validity of my reasoning in *Hereford,* and I rely on the analysis there as the basis for remanding these cases as well.

2

A. **Factual and Procedural Background**

The complaints in these actions are virtually identical, raising claims of negligence and corporate negligence stemming from COVID-19 outbreaks at Broomall Rehabilitation and Nursing Center. In addition to naming various business entities in the initial complaint, Plaintiffs have sued the nursing home's administrator, Vincent Rupert; the director of nursing, Elizabeth Marasco-Kennedy; Vice President of Clinical Services for SavaSeniorCare Consulting, Jennifer Robinson; and John Doe defendants, described as various medical providers including nurses.[1] Compl., Ex. A to Notice of Removal, ECF 1-1.[2] Defendants move to dismiss Plaintiffs' amended complaints and Plaintiffs move to remand.[3]

B. **Discussion**

1) <u>Federal Question Jurisdiction</u>

In 2020, Congress passed the Public Readiness and Emergency Preparedness Act (PREP), 42 U.S.C. §247d-6(d). According to Defendants, the Act expressly and completely preempts common law tort claims brought under state law and creates federal jurisdiction. In *Maglioli*, the Third Circuit rejected the proposition that the PREP Act generally preempted state tort law or gave rise to federal jurisdiction, and held that federal jurisdiction exists only as to one statutorily created claim for willful misconduct that sets a bar for recovery significantly higher than common law. 16

---

[1] The business entities named in the complaint include Broomall Operating Company LP, Broomall Operating GP LLC, SavaSeniorCare Administrative and Consulting, LLC, and SavaSeniorCare Administrative Services, LLC. Compl., Ex. A to Notice of Removal.

[2] I refer to the ECF numbers in *Battista v. Broomall Operating Company LP et al,* since the cases have been consolidated.

[3] Defendants have also filed a Motion for Relief under 60(b) for Partial Relief from the Court's order consolidating the above cases to the extent that it encompasses trial. ECF 13. That motion will be denied without prejudice. Counsel has been advised that this issue is preserved and may be revisited if these cases remain in federal court.

F.4ᵗʰ at 400-401.  Moreover, the Court of Appeals rejected the argument that the cases were subject to removal on the basis of the federal officer removal statute (28 U.S.C. § 1442(a)(1)), because the nursing home and its employees were not "acting under" the United States or its officers.  *Id.* at 404-06.  For the reasons previously set forth in *Hereford, Maglioli*'s reasoning remains controlling here.  Moreover, Plaintiffs' amended complaints in these cases do not allege "willful misconduct" as defined by the statute.[4]  As a result, there is no federal question jurisdiction.

2) Diversity of Citizenship

To establish federal subject matter jurisdiction based on diversity jurisdiction, the jurisdictional amount must be met, and the opposing parties must be completely diverse.  28 U.S.C. § 1332(a).  Plaintiffs in these consolidated cases have named three Pennsylvania citizens as Defendants, Elizabeth Marasco-Kennedy, Vincent Rupert, and Jennifer Robinson, thereby defeating diversity jurisdiction.  The only question before me is whether these individual defendants were fraudulently joined.  In *Hereford,* I concluded for several reasons that naming two the same defendants named here— the Nursing Home Administrator (Rupert) and the Director of Nursing (Marasco-Kennedy)—did not amount to fraudulent joinder.  *Hereford*, 2021 WL 5834384 at *3-4.  In large measure that was because these individuals owe independent professional duties defined by the Pennsylvania Code.  *Id.* at *4.  The same can be said of the other individual defendant named in this case, Jennifer Robinson, who served as Vice President of Clinical Services for SavaSeniorCare Consulting.  Her affidavit submitted by Defendants in support of removal demonstrates that she was "directly involved" in providing COVID-19 related

---

[4] Since I decided *Hereford,* no court has accepted Defendants' arguments as to federal question jurisdiction. Recognizing the obstacle presented by *Magioli,* Defendants have appealed my decision in *Hereford* to the District of Columbia Court of Appeals. Defendants understand that I am unlikely to reach a different result here in the absence of some new authority but seek to preserve their rights should they prevail on appeal in the D.C. Circuit.  Mot. to Dismiss at 11-12 n. 7, ECF 4-1.

information to Broomall Rehabilitation and Nursing Center, as well as creating the guidelines, policies, toolkits, and flyers that are partly at issue in this case. Robinson Aff., Ex. B to Notice of Removal.[5]

Defendants continue to argue that these individuals are unnecessary for Plaintiffs' recovery and were therefore named only for the purpose of defeating diversity. This ignores important binding precedent. As noted in *Hereford,* the Supreme Court has long held that "in a removal proceeding the motive of a plaintiff joining defendants is immaterial, provided there is in good faith a cause of action against those joined." *Id.* at *3, (citing *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 (1931)), and fraudulent joinder "should not be invoked lightly" because the "removal statutes are strictly construed against removal." *Id.* at *4 (citing *In re Briscoe*, 448 F.3d 201, 215-16 (3d. Cir. 2006)). Moreover, the Third Circuit has held that even a specific intent to avoid federal jurisdiction does not matter to the fraudulent joinder analysis so long as there is a good faith legal basis upon which to assert a claim against the defendants. *Abels v. State Farm Fire and Casualty Co.*, 770 F.2d 26, 32 (3d. Cir. 1985)).[6] And contrary to Broomall's core contention, it is both sensible and proper to join individual professionals in cases involving allegations of inadequate medical care.

---

[5] In *Hereford* there was an additional issue because, apart from "John Doe" parties, the individual defendants were first named in amended complaint. That is not the case here where all defendants were named in the initial complaint.

[6] Defendants also persist in their argument that the individual defendants must be deemed indispensable parties before their joinder can be considered proper. As explained in *Hereford,* that test pertained to an earlier version of the removal statute, and even if that provision had not been superseded by a later revision to the statute, the test Defendants cite would apply only to an amendment of the complaint adding a party. *Hereford*, 2021 WL *3 n. 4.

### C. Conclusion

Defendants' Motions to Dismiss will be denied, and Plaintiffs' Motions to Remand will be granted. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
